# Winterbottom *v.* Philadelphia, Baltimore & Washington Railroad Company, Appellant.

*Negligence—Railroads—Signals—Evidence—Negative evidence.*

In an action to recover damages for injuries to a boy run over by a train, where the positive evidence of witnesses for defendant that proper signals were given, is contradicted by two witnesses for the plaintiff, one of whom was seated at a window in her house, near the railroad station, waiting for a friend who was coming on the train, for which she was on the lookout, and who was listening to the signals, and the other of whom was standing at the station waiting for the train, and listening for the signals, the court will not say as a matter of law that the negative testimony produced by the plaintiff is insufficient to overcome the positive testimony of the defendant bearing on the question.

Argued Feb. 12, 1907. Appeal, No. 2, Jan. T., 1907, by defendant, from judgment of C. P. Del. Co., Sept. T., 1905, No. 55, on verdict for plaintiff in case of Jane E. Winterbottom, in her own right, and Francis Maurice Winterbottom, by his mother, Jane E. Winterbottom, v. Philadelphia, Baltimore & Washington Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy twelve years old. Before JOHNSON, P. J.

At the trial it appeared that the plaintiff, a boy twelve years old, was struck and run over by a train of the defendant com-

pany at a grade crossing in the village of Lenni on February 18, 1905, at about seven o'clock in the evening. The evidence showed that he was sledding at the time. All the train hands and four other persons testified that a whistle was sounded at the whistling post, and that a bell was rung as the train approached the crossing. Eight witnesses for plaintiff testified that they did not hear either bell or whistle. The testimony of two of these witnesses is particularly stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $3,116. Defendant appealed.

*Error assigned* among others was refusal of binding instructions for defendant.

*J. B. Hannum*, for appellant.—The negative testimony produced by the plaintiff was not sufficient to overcome the positive testimony of the defendant as to the giving of signals: Hauser v. Central R. R. of N. J., 147 Pa. 440; Culhane v. R. R. Co., 60 N. Y. 133; Urias v. Penna. R. R. Co., 152 Pa. 326; Hess v. Williamsport, etc., R. R. Co., 181 Pa. 492; Keiser v. R. R. Co., 212 Pa. 409.

The burden was on the plaintiff to prove negligence: Pletcher v. Traction Co., 185 Pa. 147; Callary v. Easton Transit Co., 185 Pa. 176; Chilton v. Traction Co., 152 Pa. 425; P. & R. R. R. Co. v. Spearen, 47 Pa. 300; Funk v. Traction Co., 175 Pa. 559; Lonzer v. R. R. Co., 196 Pa. 610; Herbstritt v. Lacka. Lumber Co., 212 Pa. 495; Nagle v. R. R. Co., 88 Pa. 35.

The uncontradicted testimony shows that this plaintiff was making an unlawful use of the railroad tracks of the defendant company at the time that he was struck by the train: Hestonville Pass. Ry. Co. v. Connell, 88 Pa. 520; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258; Vosburgh v. Moak, 55 Mass. 453; Kessler v. Berger, 205 Pa. 289.

*A. B. Geary*, for appellee.—The testimony of the witnesses who were in a position to hear the whistle and did not hear, and those who were waiting and listening and did not hear,

is not negative testimony, but amounts to evidence which was for the jury: Quigley v. D. & H. Canal Co., 142 Pa. 388; Longenecker v. R. R. Co., 105 Pa. 328; Daubert v. R. R. Co., 199 Pa. 345; Kuntz v. R. R. Co., 206 Pa. 162; Kreamer v. R. R. Co., 214 Pa. 219.

OPINION BY MR. JUSTICE ELKIN, April 22, 1907:

The assignments of error raise three questions: first, was there sufficient evidence to go to the jury on the question of the failure to give proper signals before approaching the crossing; second, even if it be conceded that the signals were not given, was the failure so to do the proximate cause of the accident; and, third, was the boy making such an unlawful use of the crossing as to relieve defendant company from its duty to give proper signals. The appellant relies on what is termed the negative testimony of the witnesses for appellees to support its contention that there was not sufficient evidence of negligence to go to the jury. Hauser v. Central Railroad of New Jersey, 147 Pa. 440; Urias v. Pennsylvania Railroad Company, 152 Pa. 326; Knox v. P. & R. Ry. Co., 202 Pa. 504; Keiser v. Railroad Company, 212 Pa. 409, are relied on to support this position. It is true the court has said in these and other cases that where the negative testimony produced by plaintiff only amounts to a scintilla, it cannot prevail over the positive and conclusive testimony of a large number of witnesses which clearly establishes the fact that the signals were given. In such cases it is the duty of the court to say as a matter of law that the negative testimony produced by the plaintiff is not sufficient to overcome the positive and conclusive testimony of the defendant bearing on this question. It may also be conceded that in some of the cases it is difficult to determine whether it is a question of law for the court or of fact for the jury. The opportunity of the witness for hearing the signals, the place where he was located at the time, whether he was on the lookout for the train and listening for the signals, are all important matters to be taken into consideration by the trial judge when he is called on to pass upon this question. In every such case it is possible to produce witnesses who can very truthfully testify that they did not hear the signals. Such testimony is of very little value

unless the witnesses were in such a location as would make it highly improbable that the signals could have been given without being heard by them. In the case at bar, however, the appellees produced a witness who was seated at a window in her house, near the railroad station, waiting for a friend who was coming on the train, for which she was on the lookout, and who was listening for the signals. Another witness was produced who was standing at the station waiting for the train and listening for the signals. Both of these witnesses testified positively that they did not hear the signals. There were other witnesses to the same effect. Under all the circumstances we think it was a question for the jury to determine. We cannot say under the facts of this case that the failure to give the signals was not the proximate cause of the accident. The boy made the best effort he could to get out of his peril, even without hearing the signals, and we cannot say as a matter of law that he could not have entirely extricated himself if he had heard the signals in due time. This was also a question for the jury.

On the question of the boy making an unlawful use of the crossing, the court below said that the evidence did not disclose clearly just what he was doing there, and the facts were not sufficient to justify him in saying as a matter of law that the boy was a trespasser. We do not feel like disturbing the ruling of the court in this respect under the facts of this case.

Judgment affirmed.