# Kasarda *v.* Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Grade crossings—Obscurity of view—Evidence—Contributory negligence.*

In a grade crossing accident case where there is no agreement among the witnesses as to what were the actual conditions with respect to sight and hearing at the time, and when these conditions are what the case turned on, they can be determined only by the jury.

In an action against a railroad company to recover damages for personal injuries sustained at a crossing, plaintiff testified that when he reached the crossing a train of coal cars was passing west on the track furthest from him, and that he stopped when within two or three yards of the nearest track, and there waited until the last car of the coal train had passed beyond the crossing for a distance of twenty-five feet; that before starting from this point he looked up and down the track and listened, and not seeing or hearing signal or warning of an approaching train, he advanced upon the track immediately in his front and was struck just as he reached the farthest rail by the engine of an east bound passenger train. Plaintiff and his witnesses testified that the obstruction of view was due to the darkness of the morning, and the snow and wind then prevailing. Two of defendant's witnesses testified that the obstruction of the view was due to the smoke and dust from the coal trains. Defendant claimed that it was the steam and smoke that obstructed the view, and that plaintiff should have waited until these had lifted. *Held,* that as the evidence was conflicting as to what in fact caused the obstruction of the view, the question of plaintiff's contributory negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued April 13, 1908. Appeal, No. 313, Jan. T., 1907, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1905, No. 737, on verdict for plaintiff in case of Joseph Kasarda, parent in his right and for and in behalf of his son, John Kasarda, in his and their own right, v. The Lehigh Valley Railroad Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FERRIS, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for John Kasarda for $2,333.33 and for Joseph Kasarda for $1,583.95.   Defendant appealed.

*Error assigned* among others was in giving binding instructions for defendant.

J. B. *Woodard*, of *Wheaton, Darling & Woodard*, for appellant.—If the view be obstructed by a passing train, one should remain until the view of the track is clear, otherwise he is chargeable with contributory negligence : Kraus v. Penna. R. R. Co., 139 Pa. 272 ; Moore v. Phila., etc., R. R. Co., 108 Pa. 349 ; Marland v. R. R. Co., 123 Pa. 487; Penna. R. R. Co. v. Mooney, 126 Pa. 244; Hughes v. Canal Co., 176 Pa. 254 ;. Hovenden v. Penna. R. R. Co., 180 Pa. 244.

Thomas F. *Farrell*, with him *Edward A. Lynch* and *Hugh A. Shovlin*.—The line of cases by which the case at bar is ruled is exemplified by such cases as Howett v. Phila., Wilmington & Baltimore R. R. Co., 166 Pa. 607 ; Ragan v. Penna. R. R. Co., 189 Pa. 572 ; McCusker v. Penna. R. R. Co., 198 Pa. 540 ; Bard v. Phila. & Reading Ry. Co., 199 Pa. 94 ; Ayers v. Pittsburg, etc., R. R. Co., 201 Pa. 124 ; Doud v. R. R. Co., 203 Pa. 227; Cromley v. Penna. R. R. Co., 211 Pa. 429 ; Schwarz v. D., L. & W. R. R. Co., 211 Pa. 625 ; Kreamer v. Perkiomen R. R. Co., 214 Pa. 219 and Byron v. Central R. R. Co., 215 Pa. 82.

OPINION BY MR. JUSTICE STEWART, June 23, 1908 :
John Kasarda, one of the plaintiffs, a young man about seventeen years of age, in attempting to cross the tracks of the defendant company's road at a public crossing, at an early hour, before it was yet day, and while it was snowing, was struck by a passing engine and seriously injured.   The plaintiff testified that when he reached the crossing a train of coal cars was passing west on the track furthest from him, and that he stopped when within two or three yards of the nearest track, and there waited until the last car of the coal train had passed beyond the crossing for a distance of twenty-five feet; that before starting from this point he looked up and down the track and listened, and not seeing or hearing signal or

warning of an approaching train, he advanced upon the track immediately in his front and was struck just as he reached the farthest rail by the engine of an east bound passenger train. The fact that there was a passing train on the second track beyond when plaintiff reached the crossing, is without significance except as the noise and escaping smoke and steam contributed to make the situation more perilous to one attempting to cross over at the time, by interfering with hearing and sight. We have but a single question to consider:—Was contributory negligence on part of the plaintiff so apparent from the evidence as to preclude recovery? Appellant's contention is that, accepting plaintiff's statement as to his position and surroundings before he advanced upon the track, it was not the darkness of the morning, or the condition of the weather, that prevented him from seeing and hearing the approaching train, but the escaping smoke and steam from the engine attached to the coal train, and the noise made by that train in its movement. To this state of facts counsel would apply the doctrine asserted in Kraus v. Pennsylvania Railroad, 139 Pa. 272, that when a traveler's view is obstructed by a passing train, it is his duty to remain at a safe distance until his view of the track is clear. Doubtless it sometimes occurs that smoke and steam from a passing train obstruct the view of the railroad tracks quite as much as the moving cars. When this is the case, it may be the duty of the traveler—depending always on conditions at the time—to await the lifting or removal of the obstruction; but to say that such a duty rested on the plaintiff here, is to beg the question. The argument proceeds on the assumption that it was an admitted or established fact in the case, that but for the smoke and steam the plaintiff could have seen the train approach, and but for the noise he could have heard it, both in ample time to be warned of the danger and escape it. Such fact was neither admitted nor established. Plaintiff and his witnesses testified that what obscured the situation was the darkness of the morning and the wind and snow that prevailed. Not one of them attributes the obscurity to steam or smoke; and while all testified that no signal of the approach was given, none speak of conditions interfering with their hearing, had any signal been given; nor were they inquired of with respect to any such conditions, even on cross-

examination.   The evidence with respect to the steam as an obstruction to view was confined to the testimony offered on part of the defense, and rests largely, if not wholly, upon the testimony of the engineer and fireman on the engine that struck the plaintiff.   They testified that the steam from the passing train hung low upon the track, and prevented them from seeing the plaintiff before the engine was upon him. Not only is this testimony directly at variance with that of plaintiff's witnesses, but it is somewhat difficult to reconcile it with that of other witnesses for the defense, who say that they saw the train approach when 250 feet away.   The intervening cloud of steam would be quite as likely to obstruct on the one side as on the other.   The fact that it was a very stormy morning, as all the witnesses testified, and the wind was blowing in the same direction as the coal train was moving, only adds to the difficulty.   Be that as it may, there was no agreement among the witnesses as to what were the exact conditions with respect to sight and hearing at the time, and these being what the case turned on, they could be determined only by the jury.   Any fuller discussion of the facts of the case is unnecessary.   The only question submitted for our consideration, as stated by the appellant, is whether "the plaintiff's failure to wait until the coal train which arrested his further progress on the highway the morning he was injured, had passed more than twenty-five feet beyond the crossing, was contributory negligence."   In view of the conflicting evidence in regard to the situation and conditions at the time of the accident, and the circumstances surrounding, this was a question for the jury.   The court below very properly so held.

The assignments of error are overruled and the judgment is affirmed.