# Woodruff *v.* Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Death—Presumption—Evidence.*

Where a man is killed at a railroad crossing on a dark night, and no one sees him struck, the presumption is that he stopped, looked and listened at the proper place before attempting to cross. In such a case where there is persuasive testimony that he failed to do so, but no direct proof on the subject by witnesses who saw him continuously as he walked towards the tracks, and the presumption is not rebutted by the circumstances, the question of the deceased's contributory negligence is for the jury.

Argued March 13, 1911. Appeal, No. 43, Jan. T., 1911, by defendant, from judgment of C. P. Bradford Co., Feb. T., 1909, No. 198, on verdict for plaintiff in case of Lucy B. Woodruff v. Lehigh Valley Railroad Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before FANNING, P. J.

At the trial it appeared that plaintiff's husband, John W. Woodruff, was killed on the evening of July 11, 1908, in the borough of Laceyville, Wyoming county, while crossing defendant's track at a public street called Church street.

The facts relating to the accident are set forth in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,340. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Wm. Maxwell*, for appellant.

*C. M. Culver*, with him *Paul J. Sherwood*, for appellee.

PER CURIAM, May 17, 1911:

The single question raised by this appeal is whether the court should have withdrawn the case from the jury. The plaintiff's husband was killed at night at a street crossing of the defendant's road where there were three tracks. No one saw him struck by the engine, but a number of witnesses saw him walking towards the crossing and some when very near it. The first track from the side from which he approached was a siding, the second on which he was killed was used for west-bound trains, and the third for east-bound trains. The plaintiff produced testimony tending to show that the night was so dark that objects could not be distinguished at a greater distance than fifty feet, that the train was running at the rate of thirty miles an hour, without a headlight on the engine and that no notice of its approach was given by bell or whistle or flagman or safety gate or in any manner; that a few seconds before the engine which struck the deceased reached the crossing, a train had passed in the opposite direction on the third track, the noise of which was mingled with that made by the train on the second track. This testimony established the defendant's negligence without disclosing negligence on the part of the deceased. The presumption was that he stopped, looked and listened at the proper place before attempting to cross, and while there was persuasive testimony that he failed to do so, there was no direct proof on the subject by witnesses who saw him continuously as he walked towards the tracks. Nor was the presumption rebutted by the circumstances. He might have stopped close to the track and have been struck by an engine that was moving ten times as fast as he was walking, which he could not have then seen because of the darkness, nor heard so as to distinguish it from the train on the third track. It is only in clear cases where neither the facts nor the inferences to be drawn from them are in doubt that the court may direct a verdict.

The judgment is affirmed.