## Haas v. Northern Central Railway Company, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Contributory negligence.*

1. The rule that the traveler about to cross a railroad track must stop, look and listen, is an absolute and unbending rule of law founded on public policy for the protection of passengers in railroad trains as much as travelers on the common highway, and such stopping, looking and listening must not be merely nominal or perfunctory, but substantial, careful and performed in good faith, with the accomplishment of the end in view. He must stop and look where he can see, and will not be allowed to say that he did so, when the circumstances make it plain that by the proper using of his common sense he must have seen his danger.

2. The whole duty of one about to cross the tracks of a steam road at grade is not in all cases confined to his stopping, looking and listening for the approach of a train, he must stop at a proper place, and when he proceeds he should continue to look and to observe the precautions which the danger of the situation requires. He should stop again if there is another place nearer the tracks, from which he can better discern whether there is danger. But whether the place at which he stopped was the proper place at which to stop, and whether

there is a second place at which he should stop, are questions of fact for the jury and not matters of law for the court.

3. A person cannot be convicted of contributory negligence as a matter of law in driving a team over a railroad at a highway crossing, where the evidence shows that he stopped his team twenty feet distant from the tracks at a point from which he had a view of the track of from 300 to 400 feet; that this was the usual and proper place to stop; that he looked and listened at this point for an approaching train; that he then started his team at a walk continuing to look in the direction from which a train came, which struck him, and that the train approached the crossing at the rate of thirty or forty miles an hour without giving a signal.

Argued Oct. 23, 1911.   Appeal, No. 253, Oct. T., 1911, by defendant, from judgment of C. P. Northumberland Co., Feb. T., 1910, No. 80, on verdict for plaintiff in case of E. Claud Haas v. Northern Central Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before AUTEN, J.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,235.   Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*J. Simpson Kline,* with him *Geo. B. Reimensnyder,* for appellant.—Plaintiff was guilty of contributory negligence as a matter of law: Myers v. R. R. Co., 150 Pa. 386; Dehoff v. Ry. Co., 229 Pa. 192; Urias v. R. R. Co., 152 Pa. 326; Holden v. Penna. R. R. Co., 169 Pa. 1; Ritzman v. R. R. Co., 187 Pa. 337; Muckinhaupt v. R. R. Co., 196 Pa. 213; Corcoran v. R. R. Co., 203 Pa. 380; McKahan v. R. R. Co., 223 Pa. 1; Bistider v. R. R. Co., 224 Pa. 615; Hamilton v. Cent. R. R. of New Jersey, 227 Pa. 137; McClure v. Ry. Co., 41 Pa. Superior Ct. 227; Paul v. Ry. Co., 231 Pa. 338; Kinter v. R. R. Co., 204 Pa. 497; Penna.

R. R. Co. v. Beale, 73 Pa. 504; Moose Brewing Co. v. R. R. Co., 36 Pa. Superior Ct. 549.

*J. Mal. Gillespie* with him *J. W. Gillespie,* for appellee.

OPINION BY ORLADY, J., March 1, 1912:

The plaintiff recovered a verdict in the court below as damages for injuries sustained by him in a grade crossing collision, at a time when he was driving a two-horse delivery team over a crossing with which he was familiar, as well as its surroundings, as he had frequently used it.

From the plaintiff's testimony it appears that when he approached the crossing he stopped his team twenty feet distant from the tracks, at a place designated by several witnesses as the customary one to stop, look and listen for an approaching train, and from which he had a view of the track of 300 or 400 feet. He was driving his team at a walk, continuing to look in the direction from which the train approached, and when he arrived at the track, the train was so close upon him that he realized he could not cross in safety, and turned his team to the left—in the opposite direction from which the train was coming—in the effort to avoid a collision. The engine struck and killed one of the horses and injured the plaintiff to such a degree that there was no complaint made of the amount of the verdict. The plaintiff was corroborated by a young man who was riding with him in the wagon and by several disinterested witnesses, as to having stopped his team.

It was insisted in behalf of the plaintiff that no signal was given by the approaching train, and that it was going at a rate of thirty or forty miles an hour at the time of the collision.

A motion for a new trial was overruled and the court refused to enter a judgment non obstante veredicto.

The principal contention of the defendant was, that the plaintiff was guilty of contributory negligence. There can no longer be any controversy in regard to the duty of a traveler in approaching a grade crossing. The author-

ities are numerous, and the duty has been so repeatedly explained as to meet every contingency, yet cases frequently occur, and this appears to be one of them, which stand on the border line, in which the respective functions of the court and the jury are not clear of doubt. The rule that the traveler about to cross a railroad track must stop, look and listen, is an absolute and unbending rule of law founded on public policy for the protection of passengers in railroad trains as much as travelers on the common highway, and such stopping, looking and listening must not be merely nominal or perfunctory, but substantial, careful and performed in good faith, with the accomplishment of the end in view. He must stop and look where he can see, and will not be allowed to say that he did so, when the circumstances make it plain that by the proper using of his common sense he must have seen his danger.

The application of these principles to the infinite variety of accident cases is not always easy, and the announced declarations of the court are to be applied to the exact facts which elicit them. A number of cases of which Penna. Railroad Co. v. Beale, 73 Pa. 504; Penna. Railroad Co. v. Ackerman, 74 Pa. 265; Ellis v. Railroad Co., 138 Pa. 506; Lehigh Valley Railroad Co. v. Brandtmaier, 113 Pa. 610; Kinter v. Railroad Co., 204 Pa. 497, are leading ones, declare it to be the duty of the traveler before crossing, to not only stop, look and listen for the approach of trains immediately before entering upon the railroad crossing, but that if he cannot see up and down the track from any point upon the road before reaching the rails, it is his duty to get out of his conveyance and make the investigation from a point where he can intelligently look for and observe an approaching train. However, it would be an unreasonable exaction, to hold that this extreme measure of duty applied to ordinary conditions, where the traveler has an opportunity of observing the approaching train from a safe place, which is a reasonable distance from the track, and where the traveling public have been accustomed to stop and look for that purpose.

We feel that the testimony in this case fairly warranted the finding of the jury; the plaintiff stopped at a proper place from which he had an unobstructed view of 300 or 400 feet when he was but twenty feet distant from the track. The every day common sense of the average driver of horses teaches that to leave a team at such a point, and go forward to see a greater distance along the track, and then return to bring up the team, would more likely result in the loss of life and destruction of property, than be an additional guard for his safety: Buckman v. Railway Co., 232 Pa. 351. The facts in that case are quite similar to those in this one, and the comment of Judge Brown is specially applicable here.

Under the testimony the jury were not bound to find that he was guilty of contributory negligence in not stopping at a point within sixteen feet of the railroad. While the jury might most fairly have found that the driver was guilty of contributory negligence, it was, under all the testimony their province to pass upon that question, and not for the court to decide it as a matter of law.

As stated in Muckinhaupt v. Railroad Co., 196 Pa. 213, the whole duty of one about to cross the tracks of a steam road at grade is not in all cases confined to his stopping, looking and listening for the approach of a train, he must stop at a proper place, and when he proceeds he should continue to look and to observe the precautions which the danger of the situation requires. He should stop again if there is another place nearer the tracks, from which he can better discern whether there is danger.

But whether the place at which he stopped was the proper place at which to stop, and whether there is a second place at which he should stop, are questions of fact for the jury and not matters of law for the court.

The place where the plaintiff stopped was in some sense approved by the fact that it was the usual place for the drivers to make the same observations he was interested in, and the disputed facts as to his looking, the speed of the train and its signaling, the intervening objects and his

conduct at the time he attempted to avoid the collision, by diverting his team along the side of the track, were fairly left to the jury, and the verdict was fairly warranted by the evidence.

The judgment is affirmed