# Uhlig et ux., Appellants, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways — Pedestrian — Crossing tracks — Inference from instant collision—Contributory negligence.*

Where a foot passenger walks or steps directly in front of an approaching street car, and is struck at the instant he sets foot between the rails, there is but one inference which can reasonably be drawn from that fact, and that is the inference of contributory negligence.

Argued November 26, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 218, Jan. T., 1926, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1924, No. 3650, on directed verdict for defendant, in case of Richard Uhlig et ux. v. Philadelphia Rapid Transit Co. Affirmed.

Trespass for personal injuries.  Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant.  Plaintiffs appealed.

*Errors assigned* were, inter alia, direction of verdict and refusal of new trial, quoting record.

*Harry A. Gorson,* for appellants.

*Samuel S. Herman,* with him *J. J. K. Caskie,* for appellee.

PER CURIAM, January 3, 1927:

Plaintiffs, husband and wife, sued to recover damages for injuries received by the wife,—who, hereafter in this opinion, will be referred to as the plaintiff.  The court below directed a verdict for defendant, on the ground of plaintiff's contributory negligence; judgment was entered accordingly; hence this appeal.

The accident occurred at night, as plaintiff was walking across Allegheny Avenue, near its intersection with Sixth Street, Philadelphia, and it happened thus: One of defendant's cars had turned from Sixth Street, into Allegheny Avenue, coming from the rear of plaintiff as she crossed the latter highway some thirty-five or forty feet west of the west house-line of Sixth Street.  The car had cleared the curve; it was on the straight track on Allegheny Avenue, and had run its own length, about fifty feet, on the straight track before plaintiff was hit.  Moreover, it appears from a plan in evidence that the sidewalk is cut back at this corner, so that from the point where plaintiff traversed Allegheny Avenue there would be a view of the whole curve of the track over which the car was slowly approaching.

Plaintiff testified that she looked when three or four feet from the track, but did not see the car; that she

did not look again, and was struck just after stepping on the first rail.   The case is clearly within .the principle stated in Crooks v. Pittsburgh Rys. Co., 216 Pa. 590, 592, and repeated in Cunningham v. Phila. R. T. Co., 240· Pa. 194, 197, that, "Where a foot passenger walks or steps directly in front of an approaching car, and is struck at the instant he sets his foot between the rails, there is but one inference which can reasonably be drawn from that fact, and that is the inference of contributory negligence."

The judgment is affirmed.