Radziewicz, Appellant, *v.* Phila. & Reading Rwy. Company.

Argued November 21, 1927.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Harry E. Grim,* of *Grim & Grim,* for appellant.

*Harman Yerkes,* for appellee.

Opinion by Porter, P. J., July 12, 1928:

The plaintiff in this action of trespass seeks to recover for personal injuries and damage to his automobile sustained when his car was struck by a train of the defendant at a grade crossing. The statement of the plaintiff alleged that the train of the defendant was negligently operated, in that the servants of the defendant company failed to blow a whistle or ring a bell notifying the plaintiff of the approach of the train to the crossing and failed to give any signal whatever of the approach of the train to said crossing. The plaintiff recovered a verdict in the court below, whereupon the defendant filed motions for judgment non obstante veredicto in its favor and for a new trial. The court below, after argument, entered judgment for the defendant notwithstanding the verdict, which action is by the plaintiff assigned for error.

In considering the question raised by the assignment of error the plaintiff must be given the benefit of every fact and inference of fact, pertinent to the issue, which the jury could legitimately find from the evidence. The plaintiff testified that when approaching the crossing he stopped his automobile near the Stop, Look and Listen sign, about fifteen feet from the first track, that he then opened the door on the left-hand side of his car and looked and listened for any sign or signal of an approaching train and then turned to the right-hand side of his car and opened the door upon that side and looked and listened for such signals; he testified positively that no signal of the approach of the train was given. He testified that it was raining hard and that there was a fog so heavy that he could only see along the track in each direction not over one hundred feet. Hearing no signal he then closed the doors of his car and proceeded to drive forward. As to the manner in which he drove forward he testified, "I was looking at the same time I was running, I was looking out both sides at the same

time." When the front part of plaintiff's automobile was going on the first track, the plaintiff saw the engine of the train, going northward upon that track, coming out of the fog at a distance of about sixty feet. He tried to back his car off the track but the engine stalled and the locomotive struck his automobile about the middle and threw it and him down the embankment. The testimony of the plaintiff as to the atmospheric condition was corroborated by the witness Elmer Y. Detwiler, who testified that immediately after the accident he went upon the crossing and that the atmosphere was very foggy, so foggy that he could only see up and down the track not over forty feet. The testimony of the plaintiff and his witness, Detwiler, as to the condition of the atmosphere and the density of the fog, was contradicted by five or six witnesses called by the defendant, and the learned judge of the court below in his opinion filed upon entering judgment in favor of the defendant evidently accepted that contradiction as so overwhelming that the evidence produced by plaintiff was eliminated from the case, and entered judgment in favor of the defendant upon the ground that "The plaintiff drove his car upon the railroad track immediately in front of an approaching train which he must have seen if he had looked for it." This ignored the testimony of the plaintiff and Detwiler as to the existence of the dense fog which rendered any extensive view of the track absolutely impossible. It is only when the material facts are undisputed, or the evidence produced by the plaintiff is incompatible with well known laws of nature, that the court is warranted in entering judgment notwithstanding the verdict: Laib v. Penna. R. R. Co., 180 Pa. 503; Kobylis v. Phila. & R. Ry. Co., 261 Pa. 350; Kasarda v. Lehigh Valley R. R. Co., 222 Pa. 146; Cromley v. Penna. R. R. Co., 211 Pa. 429. The testimony of the plaintiff was direct and positive that he stopped, looked and listened and, not only that he heard no signal, but that no signal

of the approach of the train was given. This evidence was of a higher grade than mere negative testimony and could not be ignored: Daubert v. Railroad Company, 199 Pa. 350; Buckman v. Phila. & R. Ry. Co., 232 Pa. 351. It may be said in this case, as was said in the opinion of Mr. Justice FELL, in Callahan v. Traction Co., 184 Pa. 425: "That the accident happened in the manner in which the plaintiff described it is highly improbable but it is possible, and if the jury believed the plaintiff's testimony, there was ample ground for the verdict." The entry of judgment in favor of the defendant having led the learned judge of the court below to abstain from considering the motion for a new trial, and the court below having had the opportunity to observe the manner in which witnesses testified and to consider the substance of their testimony, we are of opinion that that court is in much better position than an appellate court could be to pass upon the question whether a new trial should be granted. We, therefore, deem it proper to reinstate the motion for a new trial. The assignment of error is sustained.

The order of the court entering judgment in favor of the defendant notwithstanding the verdict is reversed, the motion of the defendant for a new trial is reinstated, and the record is remitted to the court below for further proceedings.