## Wagner et al. v. P. R. R. Co., Appellant.

332

Argued March 15, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John D. Dorris,* and with him *James S. Woods,* for appellant, cited:

*Chester D. Fetterhoff,* and with him *H. H. Waite,* for appellee, cited:

Opinion by Trexler, P. J., July 13, 1934:

This is an action of trespass to recover damages for a truck which was demolished by being struck by a freight train at a crossing on the morning of August the 9th, 1931 about 5:15 o'clock. There were four tracks of the defendant company at the crossing. The freight train was approaching at a rate of 25 miles per

hour on the track nearest to the approaching truck and coming from the left. There was a heavy fog. In clear weather an approaching train could be discernible at a distance of 800 feet. The collision occurred on the first track. The truck driver had stopped and presumably looked and listened before he started to cross. How far he could see through the existing fog does not appear. The train was floating, that is, no power was being applied by the locomotive. We must assume, for present purposes, that no warning of its approach was given by those on the train. The driver died from the injuries he received. The verdict was for the plaintiff. Defendant moved for judgment n. o. v., which was refused.

The only question submitted to us is: ''When the plaintiffs' eye witness of the grade crossing accident established the fact that the deceased driver of the truck could have seen the headlight of the approaching locomotive for a distance of at least 300 feet, notwithstanding the fog, had he looked before attempting to cross the first track, was he not guilty of contributory negligence?''

It would seem that the mere statement of the question involved would carry an affirmative answer, but an examination of the testimony does not *establish* the premise upon which the inquiry is founded, and leaves the matter in such doubt that it required a submission to a jury. Of course, if there had been no fog the question would be a matter for the court under the Carroll Case, 2 Penny 159, 12 W. N. C. 348, and those following it, but there were witnesses who were only 50 feet away that testified that the fog was so dense that the moving train could not be seen by them. The locomotive engineer testified that upon the day in question he could not see anything for the fog, that he did not see this truck until he was 90 feet from it.

The doctrine of incontrovertible physical facts can

be established only in clear cases. No negligence can be imputed to the driver of the truck, unless the uncontradicted testimony shows that, under the facts as presented, he must have seen the approaching train. The appellant argues that Hauser v. Central R. R. Co. of N. J., 147 Pa. 440 rules the case, but the present case and that are not parallel. Had the driver in the present case survived and testified that he had seen an object on the track 130 feet away, certainly it could be argued that he could, if he had used his eyes, have seen the approaching train. Such were the facts in the Hauser case. The defendant argues that because one of plaintiffs' witnesses saw the tail light of plaintiffs' truck, some distance away, not accurately given, the driver of the truck should have seen the light on the locomotive, but the same witness testified that he was facing the railroad and looking and listening for a train, and he did not see nor hear anything until the crash occurred. Appellant calls particular attention to the remark of Justice GREEN in the Hauser case, where he said, "It was impossible to conceive of any fog so dense that so large an object as a locomotive would not be seen at the instant before contact with it." The remark was applicable to the facts developed for according to the plaintiff's testimony she literally walked up against a passing locomotive and was thrown aside by it. Quite a different situation from one who approaching a railroad crossing in a truck and not hearing any warning (none being given) and not seeing the light of an approaching train, by reason of the fog, commits himself to the crossing and is struck.

We quote from the opinion of the lower court:

"In view of the common knowledge that fog affects visibility to a constantly changing degree, and that when it was as dense as can be inferred from the testimony in this case, objects suddenly loom in view at a

short distance from the observer, it cannot be said that the driver's not seeing this approaching train is incompatible with natural law. That must be clearly established before the failure to look could be implied: Radizewicz v. Phila. & Reading Ry. Co., 94 Pa. Superior Ct. 327.

"It is true that the engineer testified that the reflection from the headlight of a locomotive could be seen 200 feet through the fog, yet he admitted, on cross-examination, that he had never tested this fact. There is no evidence in the case from which it can be said, as a matter of law, that the truck driver, when he stopped at the proper place, if he looked westward must have seen the approaching train. There is no testimony from which the exact limitation of visibility, on the morning of this accident, could be found, yet it does appear that an object so large as a moving freight train could not be seen at a distance of 50 feet. The testimony favorable to the plaintiff was sufficient to take the case to the jury: Alio v. P. R. R. Co., 312 Pa. 453, 457."

The judgment is affirmed.