## Ewanco et al., Appellants, *v.* Pittsburgh Railways Company.

Argued April 16, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Louis H. Artuso,* with him *Ernest G. Nassar,* for appellants.

*Earl W. Brieger,* with him *J. R. McNary,* for appellee.

OPINION BY RENO, J., July 17, 1947:

This appeal brought up for review the judgment n. o. v. for defendant entered upon verdicts for plaintiffs. The court below held that the minor plaintiff had been contributorily negligent as a matter of law, and plaintiffs, a minor suing through his mother as his guardian and the mother in her own right, appealed.

The minor plaintiff, 20 years old, and some companions were in a boathouse moored in the Ohio River near McKees Rocks. A friend called to them from the bank of the river, and they left the boathouse to join him in his automobile which was parked on a public road. To reach the road they were obliged to ascend a flight of steps, and cross defendant's street railway tracks at a permissive crossing. It was about 10:45 P. M., and the place was dark "and smoky". Before he reached the tracks, so he testified, the minor stopped, looked both ways and listened, but neither saw nor heard a street car approaching. He proceeded to cross the tracks, and just as he put his foot over the first rail he was struck by a car approaching from his right which was running without a headlight and gave no warning signal.

There was also testimony concerning the absence of lights in the interior of the car, but it was entirely negative, is denied by defendant's witnesses who were passengers, and seems highly improbable. Upon this point the minor testified: "Q. How about the lights in the street car? A. I don't know. I guess they were on. The car was going and they couldn't go without lights. Q. The lights in the street car were on? A. I take it they were on." Giving plaintiff the benefit of all the testimony on his side of the case and all reasonable inferences that may be drawn from it, as we are bound to do on the review of a judgment n. o. v., the negative testimony must nevertheless be disregarded, and the direct and positive testimony that the interior lights were functioning must stand. The trolley car then, assuming that the headlight was not illuminated, was not in total

darkness, and its interior lamps indubitably cast some light along its outside which would have apprised one of its approach if he looked in that direction.

The inevitable inference, drawn in innumerable cases, is that one who is struck the instant he places his foot upon a trolley track has not looked or listened. *Carroll v. Penna. R. R. Co.*, 12 W. N. C. 348. To overcome the inference, plaintiffs rely upon the conditions of visibility at the point of the accident, and contend that he could not see the approaching car.

But the minor himself refuted the contention. He testified that as he approached the tracks he "could see where I [he] was walking." At that point he "could see down to the corner", which he identified upon his own photographic exhibit as an incinerator located 300 feet from the crossing in the direction from which the car approached. He could see, so he said, a street light across the street, somewhat to his left, and 32 or 40 feet away. He could see the automobile parked in the street across the tracks, and directly in front of him. More important, he admitted that he could see along the tracks to his right, from which direction the trolley car proceeded, for a distance of about 35 feet.

In these circumstances, it was competent for the court below to declare the minor's negligence as a matter of law. He must have seen the car if he had looked, and if he saw nothing he could not have been looking. *Dando v. Brobst*, 318 Pa. 325, 177 A. 831.

In many respects the case resembles *Kolich v. Monongahela Railway Co.*, 303 Pa. 463, 468, 154 A. 705, although there a steam railroad was involved. There the pedestrian was struck at night by a shifter engine which had no forward light and gave no warning signal. The plaintiff admitted "he could see for ten or fifteen feet", and Mr. Justice SIMPSON said: "Had he been attentive, therefore, he must have seen and heard the dark and looming object which was nearly upon him. His explanation is: 'I could not see the engine because I was looking in front, not behind.' At that time, however, the

train was coming towards him from his left, at right angles to his line of travel, not behind him, and a slight turn of the head would have disclosed its proximity, as would also even a slight attempt to hear, unless he was hard of hearing, which is not asserted. We can reach no other conclusion than that he could and would have both seen and heard the train, before he stepped on the track where he was struck, had he given such attention as the law required of him. His failure in these respects, convicts him of contributory negligence."

In *Uhlig v. Phila. R. T. Co.*, 287 Pa. 586, 588, 135 A. 719, a woman was crossing a street at night when a street car came around a corner and struck her about 40 feet from the corner. She testified that she had looked three or four feet from this track, but did not see the street car, and was struck just after stepping on the first rail. The Supreme Court, applying the principle which governs the instant case and quoting from leading authorities, held: " 'Where a foot passenger walks or steps directly in front of an approaching car, and is struck at the instant he sets his foot between the rails, there is but one inference which can reasonably be drawn from that fact, and that is the inference of contributory negligence.' "

The authorities relied upon by plaintiffs do not rule this case. *Woodruff v. L. V. R. R. Co.*, 231 Pa. 640, 80 A. 1128, was a death case, and the presumption of due care carried it to the jury. In *Kasarda v. L. V. R. R. Co.*, 222 Pa. 146, 70 A. 943, there was a conflict of testimony as to the exact conditions of sight and hearing, and the case was for the jury, while here plaintiff's version of those conditions is accepted as true, and they convict him of contributory negligence. In *Moyer v. Reading Co.*, 147 Pa. Superior Ct. 178, 24 A. 2d 48, the only question adjudicated was whether the plaintiff's evidence was negative in character. It throws no light upon the primary question of contributory negligence with which we are here concerned.

Judgment affirmed.