34267. BURKE *v.* THE STATE.

CARLISLE, J. 1. Direct and positive testimony which is given by an unimpeached witness as to the existence of a fact (a witness' identification of the defendant in a criminal case) within his own knowledge, which is not in itself incredible, impossible, or inherently improbable, and which is not contradicted directly or by proof of facts or circumstances that could be taken as incompatible with such testimony can not be arbitrarily rejected by a jury or other trior of the facts (*Thompson* v. *City of Atlanta,* 66 *Ga. App.* 255, 17 S. E. 2d, 761); and this court can not say, as a matter of law, under the facts of this case under consideration, that it was impossible for the arresting officer to identify the defendant who was driving at night in a truck in which and on which no lights were burning, when the arresting officer was

no farther away from the defendant at the time of the identification than a designated table in the courtroom was from the witness stand, as it nowhere appears in the evidence that on the night he made the identification it was physically impossible for him to have done so. The doctrine of incontrovertible physical facts can be invoked only in clear cases. Wagner *v.* Pennsylvania R. Co., 113 Pa. Super. 331 (173 Atl. 450). Counsel for the defendant having abandoned all issues raised by the motion for a new trial save the one indicated above which has been determined against the defendant, we hold that the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 11, 1952.

*Cohen Anderson,* for plaintiff in error.

*Walton Usher, Solicitor-General,* contra.

The defendant, J. C. Burke, was convicted of possessing "moonshine" whisky in Bulloch County. His motion for a new trial was overruled and he excepted. Counsel for the defendant concedes in his brief in this court that the only question for determination is whether or not the defendant was properly identified as the possessor of the whisky. It appears from the evidence that the arresting officer, a witness for the State, testified that on the night of the arrest he and his assistants concealed themselves in a wood a short distance from the defendant's home, that while they were waiting for an assistant to return from the defendant's house, where he had been sent to make a purchase of whisky, the arresting officer saw the defendant pass in a truck and turn into a field "tended" by the defendant but owned by the defendant's mother, saw the defendant pick up what appeared to be a carton of glass jars and load them in his truck, saw the defendant pass by him and deliver the carton to a person waiting a short distance up the road, saw the defendant go to his home, and saw the defendant return to the point where his (the arresting officer's) assistants were hiding and order them to leave the premises at which time the witness arrested him. It further appears from the evidence that the arresting officer then went to the spot from which he had seen the defendant take the carton and found thirty-four gallons of "moonshine" whisky. The arrest was made at night. The arresting officer, however, swore positively and without contradiction that he was only as far from the defendant, when he passed

back and forth in his truck on which no lights were burning, as a designated table in the courtroom was from the witness stand.