## Crooks *v.* Pittsburg. Railways Company, Appellant.

*Negligence—Street railway companies—Crossing in front of car—Pedestrians—Contributory negligence.*

In an action against a street railway company to recover damages for death of plaintiff's husband no recovery can be had where it appears from the uncontradicted testimony that the deceased attempted to cross the defendant's tracks, and was struck by a car which he intended to take as a passenger, and that he could have taken but one, or at the most two, steps from the time he entered upon the line of the track until the car caught him in the space between the rails.

Where a foot passenger walks or steps directly in front of an approaching car, and is struck at the instant he sets his foot between the rails, there is but one inference which can reasonably be drawn from that fact, and that is the inference of contributory negligence.

Argued Oct. 30, 1906.    Appeal, No. 74, Oct. T., 1906, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1903, No. 653, on verdict for plaintiff in case of Marie B. Crooks v. Pittsburg Railways Company.    Before MITCHELL C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Reversed.

Trespass to recover damages for death of plaintiff's husband. Before BROWN, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for $7,913.56.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*James C. Gray*, with him *Clarence Burleigh, William A. Challener* and *W. W. Smith*, for appellant.—Plaintiff's decedent was guilty of contributory negligence : McCracken v. Consolidated Traction Co., 201 Pa. 378 ; Carroll v. Penna. R. R. Co., 12 W. N. C. 348 ; Greenwood v. P. W. & B. R. R. Co., 124 Pa. 572.

*Rody P. Marshall*, with him *Thos. M. Marshall*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 7, 1907 :
This was an action of trespass brought by Marie B. Crooks

against the Pittsburg Railways Company, to recover damages for the death of her husband, Everett E. Crooks, who was run over and killed by one of defendant's cars, on East street in the city of Allegheny, about ten o'clock on the evening of February 19, 1905.

Mr. and Mrs. Crooks had been spending the evening at the house of a friend on East street. It was their intention to return home by a trolley car running south on that street. It appears from the evidence that the cars made sufficient noise in passing, to be plainly heard inside the house. When Mr. Crooks was about ready to leave the house, a car was heard to pass, and some remark was made about missing it. Hearing another car coming, Mr. Crooks went out of the house, followed first by his friend, Mr. Erhardt, and then by Mrs. Crooks. The Erhardt house was on the east side of the street, while the single track traversed by defendant's cars was laid about three feet from the curb, on the other, or west, side of the street. From the steps of the house to the rail, was a distance of about seventeen feet. It was Mr. Crooks's intention to stop the car at the corner of an alley, almost opposite the house, and in order to do this, he attempted to cross in front of the approaching car, as the opening to admit passengers was at the rear platform, upon the other side of the car. While in the very act of stepping or leaping across the track, Mr. Crooks was struck by the car, and killed. Mr. Erhardt who was close behind, sprang backwards, and saved himself.

Plaintiff produced a number of witnesses, who testified that the car was running very rapidly and did not come to a stop until it reached a point about 200 feet beyond the place of the accident. It was also shown by plaintiff's witnesses that there was no headlight on the front of the car. But the car was lighted upon the inside and the light shone through the windows, and a great deal of noise was made by the car as it ran, so that it could be heard at some distance. It is clear from the testimony that the deceased heard the car while he was in the house, and saw it after he came out upon the street, as it approached, and then attempted to cross in front of it, for the purpose of stopping and boarding that particular car.

The railway consists of a single track, and the space between the rails was about five feet. Two, or at most three, steps,

would have cleared it entirely; and as Mr. Crooks was struck while he was between the rails, it is apparent that he could have taken but one or two steps from the time he entered upon the line of the track, until he came in contact with the car. In other words, his stepping within the line of the rail, and the coming of the car to that particular spot must have been practically instantaneous. Where a foot passenger walks or steps directly in front of an approaching car, and is struck at the instant he sets his foot between the rails there is but one inference which can reasonably be drawn from that fact, and that is the inference of contributory negligence. It is idle to estimate and suggest, as did some of the witnesses in this case, that a car can travel 100 or 150 feet, in the fraction of a second which passes, while the foot is being rapidly raised and set to the ground, in taking a step. If there had been any appreciable distance between him and the car, a foot passenger walking rapidly or running, as was Mr. Crooks, in this case, would have crossed the line before it could reach him. The deceased was a tall, agile man, and, as one of the witnesses said, the rapidity of his movements was such that a leap or two would take him across. If then, as is shown by the testimony, the car caught him in the space between the rails, while he was crossing thus rapidly, it must have been almost within touch, as his foot left the ground, to take the one fatal step that put him in the way of danger.

The testimony is undisputed as to the manner in which this most unfortunate accident occurred. As we have seen, one step, or at the most two, carried the deceased from a point outside the line of the track into collision with the car. It must have occurred in less than a second of time. The facts speak for themselves. The action of the deceased can only be characterized as contributory negligence, and the judgment is reversed.