# McVaugh, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Crossing tracks—Death—Contributory negligence—Nonsuit.*

In an action against a street railway company to recover damages for the death of plaintiff's husband, it appeared that at the time of the accident the deceased walked slowly from the sidewalk of a street on which were two street car tracks. He crossed the nearest track in front of an approaching south bound car which came to a standstill within a few feet of the place where he crossed. The motorman of this car testified that he saw an approaching north bound car, and warned the deceased as he was passing, and the latter responded, "Oh, all right." He then stepped across the first rail of the next track but instead of drawing back, or proceeding rapidly straight ahead to clear the second track, he turned to the left and turned back into the space between the two tracks, and while standing there was caught between the two cars and killed. *Held*, that a nonsuit was properly entered.

Argued April 2, 1908. Appeal, No. 103, Jan. T., 1908, by plaintiff, from order of C. P. No. 5, Phila. Co., March T., 1906, No. 4,042, refusing to take off nonsuit in case of Sophia McVaugh v. Philadelphia Rapid Transit Company. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAAKE, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*George Demming*, with him *Edgar W. Lank*, for appellant.— Where the evidence is conflicting, or the facts are left in doubt, the conclusions are to be drawn by the jury : Davidson v. Railway Co., 171 Pa. 522 ; Elston v. R. R. Co., 196 Pa. 595.

Whether the presumption that deceased exercised due care has been rebutted is for the jury, unless the evidence to the contrary is clear, positive, credible and indisputable, and any inferences to be drawn from this evidence are also for the jury,

unless the inferences are so clear as to admit of no dispute : Unger v. R. R. Co., 217 Pa. 106 ; Kreamer v. R. R. Co., 214 Pa. 219 ; Schwarz v. R. R. Co., 218 Pa. 187 ; Armstrong v. Traction Co., 216 Pa. 595 ; Howard v. R. R. Co., 219 Pa. 358; Mosten v. Ry. Co., 218 Pa. 392.

*Thomas Leaming*, with him *Russell Duane*, for appellee.— There was no sufficient evidence of negligence on the part of the defendant : Kelly v. Traction Co., 211 Pa. 456 ; Moss v. Traction Co., 180 Pa. 389 ; Johnson v. Ry. Co., 160 Pa. 647 ; Gould v. Traction Co., 190 Pa. 198 ; Young v. Omnibus Co., 180 Pa. 75 ; Mulcahy v. Traction Co., 185 Pa. 427 ; Kochesperger v. Phila. Rapid Transit Co., 217 Pa. 320.

The decedent, having neither stopped nor looked for a car before stepping upon the track where he was instantly struck, was guilty of contributory negligence : Blaney v. Electric Traction Co., 184 Pa. 524 ; Watkins v. Union Traction Co., 194 Pa. 564 ; Sullivan v. Consolidated Traction Co., 198 Pa. 187 ; McCracken v. Consolidated Traction Co., 201 Pa. 378 ; Kochesperger v. Phila. Rapid Transit Co., 217 Pa. 320.

The contributory negligence of the decedent was demonstrated by his being instantly struck as he stepped upon the track, even without considering the uncontradicted evidence that he did not look : Carroll v. Penna. R. R. Co., 12 W. N. C. 348 ; Boring v. Traction Co., 211 Pa. 594 ; Piatt v. Rys. Co., 219 Pa. 583 ; Davidson v. Ry. Co., 171 Pa. 522 ; Flanagan v. R. R. Co., 181 Pa. 237 ; Hess v. R. R. Co., 181 Pa. 492; Baker v. R. R. Co., 182 Pa. 336 ; Coppuck v. R. R. Co., 191 Pa. 172.

OPINION BY MR. JUSTICE POTTER, May 26, 1908 :

This is an appeal from the refusal of the court below to take off a judgment of compulsory nonsuit. The plaintiff sought to recover damages under the allegation that the death of her husband was caused by the negligence of the defendant company. Mr. McVaugh, a man about sixty years old, undertook to cross Germantown avenue, a wide, unobstructed highway, about six o'clock on the evening of February 5, 1906, at or near the intersection of East Sharpnack street. He was caught in the space between two passing cars

and killed. At the close of the testimony for plaintiff, in granting the nonsuit, the trial judge said : " He (the deceased) does not appear to have looked at the proper place, nor did he cross the street at the regular crossing, but went over it diagonally, Germantown avenue being a street with two tracks on it, and cars running in different directions." It appears from the testimony that Mr. McVaugh, the deceased, walked slowly from the sidewalk to the nearest street car track, and crossed it in front of an approaching south bound car, which came to a standstill within a few feet of the place where he crossed. The motorman of that car says that he realized Mr. McVaugh's peril from an approaching north bound car, and shouted to him as he was passing, and he responded, " Oh, all right," and then stepped across the first rail of the next track, but instead of drawing back or proceeding rapidly straight ahead to clear the second track he curved to the left, and turned back into the space between the two tracks and stood there by the side of the gate of the south bound car. Just then the north bound car reached the spot, and the space between the two cars being very narrow, Mr. McVaugh was caught between the two cars and injured so severely that he died shortly afterwards. The second car was stopped before it had entirely passed the first one, but too late to avoid the accident. There was no evidence of negligence upon the part of the defendant company unless it was in the failure to stop the north bound car before it reached Mr. McVaugh, but his action in stepping upon the track in front of the north bound car and then in swerving back against the side of the south bound car, must have been, under the evidence, almost instantaneous. And, under all the circumstances, the accident was clearly the fault of the deceased in walking deliberately across in front of the south bound car, without at the instant taking note of the near approach of the north bound car upon the track farthest from him. It is not uncommon for pedestrians to step into danger by passing behind one car, over the second track and directly in front of another approaching car, which is hidden from them temporarily by the first car. But in this case the deceased had not even that excuse, for he passed in front of the first car, directly into the path of the second, and when he realized its proximity, and probably by reason of confusion or

fright, instead of drawing directly back from the second track, as he might readily have done, he curved around against the side of the first car, and stood in the space between the two tracks, where he was inevitably caught between the two cars.

The learned trial judge could not, under the evidence, have reached any other conclusion than that the accident was the result of negligence of the deceased in passing with heedless steps directly into danger.

The judgment is affirmed.