# Flynn *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—"Stop, look and listen,"—Contributory negligence—Near sightedness of plaintiff—Safety stop.*

Where a woman on a clear day approaches a street railway track at a point where there is nothing to obstruct a view of the track for more than a mile in the direction of an approaching car, and is struck the instant she goes upon the track, she is guilty of contributory negligence and cannot recover from the railway company for the injuries sustained; and she is not relieved from the charge of contributory negligence because she was nearsighted, nor is she relieved from such charge because there was a safety stop a few feet away in the direction from which the car came, if it appears, that, if she had looked before she stepped upon the track, she would have known that the car had not stopped at the safety stop.

Argued Oct. 27, 1911. Appeal, No. 186, Oct. T., 1911, by defendant from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1908, No. 23, on verdict for plaintiff in case of Elizabeth Flynn v. Pittsburgh Railways Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant, and in refusing defendant's motion for judgment n. o. v.

*William A. Challener* with him *Clarence Burleigh* for appellant, cited: Kelly v. Union Trac. Co., 211 Pa. 456; Moss v. Traction Co., 180 Pa. 389; Mease v. Trac. Co., 208 Pa. 434; Smith v. Ry. Co., 187 Pa. 451; Knox v. Ry. Co., 202 Pa. 504; Yingst v. Ry. Co., 167 Pa. 438.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellee, cited: Sowash v. Traction Co., 188 Pa. 618; Keator v. Traction Co., 191 Pa. 102; So. Covington & C. St. Ry. Co. v. Beatty, 50 S. W. Repr. 239; Callahan v. Traction Co., 184 Pa. 425; Taylor v. Canal Co., 113 Pa. 162; Henderson v. Traction Co., 202 Pa. 527; Thatcher v. Traction Co., 166 Pa. 66; Harkins v. Traction Co., 173 Pa. 149; Smith v. Traction Co., 3 Pa. Super. Ct. 129; Beard v. Ry. Co., 3 Pa. Super. Ct. 171; Haughey v. Rys. Co., 210 Pa. 363; Conynham v. Motor Co., 15 Pa. Super. Ct. 573; Shaughessy v. Traction Co., 17 Pa. Super. Ct. 588; Oehmler v. Rys. Co., 25 Pa. Super. Ct., 617; Malone v. R. R. Co., 152 Pa. 390.

OPINION BY MR. JUSTICE BROWN, January 2, 1912:

The contributory negligence of the plaintiff below was so clear that the defendant's motion for a non-suit should have prevailed, or, at the close of the testimony, a verdict ought to have been directed in its favor. After leaving a street car on California Avenue, in the City of Allegheny, the appellee, with several others, walked down an alley to Beaver Avenue, for the purpose of boarding a car on the south side of that avenue. There were two tracks of the defendant company upon it, and to reach the one on the south side it was necessary to cross over the one on the north. The testimony of the appellee is that, after she had passed out of the alley, she stepped down from the curb of the pavement and looked and listened for an approaching car, and, having neither seen nor heard one, passed over the space between the curb and first track—less than eight feet in width—continuing to look and listen for a car. The day was clear and bright and there was nothing to obstruct a view of the track for more than a mile in the direction from which the car came that struck her, for it was straight and level for that distance. She was struck just as her feet were upon the track, though the coming of the car could have been

seen for the distance stated. That she was struck the instant she got upon the track is not to be questioned. William Hiens, a witness to the accident, who was called by the plaintiff, testified as follows: "Q. Where was the car when she stepped on the track? A. The car was very near on top of her when she stepped on the track. * * * Q. And the car was on top of her when she stepped on the first rail, wasn't it? A. Yes, sir. Q. And she practically stepped in front of that moving car, didn't she? A. Yes, sir." Her own daughter, Mrs. Lillian Mulroy, who witnessed the collision, stated that as soon as her mother stepped across the first rail the car struck her about the center of the track. In Crooks v. Pittsburgh Railways Company, 216 Pa. 590, we said: "Where a foot passenger walks or steps directly in front of an approaching car, and is struck at the instant he sets his foot between the rails there is but one inference which can reasonably be drawn from that fact, and that is the inference of contributory negligence. * * * The testimony is undisputed as to the manner in which this most unfortunate accident occurred. As we have seen, one step, or at the most two, carried the deceased from a point outside the line of the track into collision with the car. It must have occurred in less than a second of time. The facts speak for themselves. The action of the deceased can only be characterized as contributory negligence." And so here, the act of the appellee, in stepping on the track when the car which struck her was but a few feet from her, and which she must have seen and heard if she had been looking and listening, must be regarded as contributory negligence, barring her right to recover, even if the defendant company was negligent.

But it is urged that the appellee ought not to be adjudged guilty of contributory negligence, as a matter of law, for two reasons, first, she was nearsighted, and, second, as there was a safety stop a few feet from the alley, in the direction from which the car came, she

had a right to presume it would stop there. These two circumstances were not sufficient to send to the jury the question of her contributory negligence. Though nearsighted, she admitted that she could see, for she says she looked to see whether a car was coming, and, even when protesting her nearsightedness, she again admitted that she could see a moving object across the street from her. If she had looked when she was about to put her foot on the track, she would have seen the car, which was then nearer to her than the width of the street. If she was nearsighted, there was the greater reason for caution on her part in crossing the street. Her nearsightedness, insteading of relieving her from the duty of ordinary care, imposed upon her the duty of greater precaution to avoid injury: Central Railroad Company of New Jersey v. Feller, 84 Pa. 226; Mark's Administrator v. Petersburg Railroad Co., 88 Va. 1; McKinney v. Chicago & Northwestern Railway Co., 87 Wis., 282. "Those who are deficient in any one of their senses must all the more diligently use the others. Thus, a deaf man should look up and down the track even more closely than might be necessary if he could hear well; and one whose eyesight is defective ought to listen all the more carefully for trains:" Shearman & Redfield on the Law of Negligence, (5th ed.), sec. 481. If the appellee had looked before she stepped upon the track, she would have known that the car had not stopped at the safety stop. The learned trial judge correctly instructed the jury that she could not escape the charge of contributory negligence by reason of being nearsighted nor relieve herself of that charge under a belief that the car would stop at the safety stop; but he should have gone further, and, in view of her clear contributory negligence, to which we have referred, affirmed defendant's point.

The first assignment is sustained and the judgment reversed.