# Cunningham, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Collision—Pedestrian—Contributory negligence.*

1. Cases of collision of pedestrians with street cars are not analogous to ordinary right angle collisions between cars and wagons. A pedestrian, having but his own safety to guard, can turn or stop quickly in avoiding a car and if after stepping in front of a car he comes into practically instantaneous contact with it, it matters not what his previous actions may have been. The inference of contributory negligence is irresistible.

2. Plaintiff in broad daylight alighted from the south side of an eastbound car of defendant company, and after the car had passed, crossed towards the north side of the street; a west bound car was approaching on the north track, with no obstructions to prevent plaintiff from seeing it. He had advanced about four feet from a position of safety into the centre of the north track when he was struck. *Held,* the entry of a nonsuit was correct.

Argued Jan. 23, 1913.   Appeal, No. 314, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., June T., 1907, No. 3556, refusing to take off nonsuit in case of Hugh F. Cunningham v. Philadelphia Rapid Transit Company.  Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before STAAKE, J.

The opinion of the Supreme Court states the facts.

The court entered a nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was the refusal to take off the nonsuit.

*Francis M. McAdams,* with him *William H. Wilson,* for appellant.

*Russell Duane,* for appellee.—This accident was such an instantaneous occurrence as to bring the case under the familiar rule established by this court in Carroll v. Railroad Co., 12 W. N. C. 348, and since universally known as the "rule in Carroll's Case": Holmes v. Union Traction Co., 199 Pa. 229; Crooke v. Pittsburgh Rys. Co., 216 Pa. 590; Flinn v. Pittsburgh Rys. Co., 234 Pa. 335; McVaugh v. Philadelphia Rapid Transit Co., 221 Pa. 518.

OPINION BY MR. JUSTICE POTTER, March 31, 1913:

In this action the plaintiff sought to recover damages for injuries resulting from the alleged negligence of the defendant.  At the trial upon the close of the testimony offered in behalf of the plaintiff, judgment of compulsory nonsuit was entered, for the reason as stated by the trial judge, that the evidence of the contributory negligence of the plaintiff was clear and overwhelming.  From the refusal of the court below to take off the judgment plaintiff has appealed.  The case was carefully tried, and the

opinion filed by the trial judge in entering the nonsuit, presents an accurate analysis of the essential portions of the evidence, and a very clear and discriminating statement of the law applicable thereto. The trial judge was convinced that the only inference which could be drawn from the undisputed testimony was that the injuries of the plaintiff resulted from his stepping upon the track of a street railway directly in front of an approaching car which struck him instantly after he stepped upon the track.

Counsel for appellant have argued elaborately that the plaintiff was justified in attempting to cross the track at the time, and they also suggest that it appears from the evidence that he was upon the track for an appreciable length of time before he was struck, and that when he entered the space between the rails the approaching car was at such a distance that it might have been stopped before striking the plaintiff, if the motorman had been on the alert. But for none of these suggestions do we find the slightest basis of support in the testimony. The accident occurred near the junction of 47th street and Lancaster avenue, about 4 o'clock on an afternoon in July. Plaintiff alighted from the south side of an east bound Lancaster avenue car, and after the car had passed on, started towards the north side of the street, having two tracks to cross. A west bound car was then approaching upon the north track, with no obstructions of any kind in the way, to prevent plaintiff from seeing it. He advanced to the point of danger which was at the near rail of the north track, stepped across it, and came into collision with the car which struck him with terrific force inflicting most serious injuries. The space between the rails of the track upon which the car was coming, was about five feet wide, and as the evidence shows that he was struck when about in the middle of the track, he had at the time moved some two and a half feet into the space between the rails, and had advanced in all some four feet from a position of safety outside

the rail, where he might have stood had he heeded the
approach of the car. Two short steps measured the dis-
tance, and the time it took to make them marked the
period which elapsed while he passed from a safe place
at the side of the track into the danger zone between
the rails. As one of the witnesses put it, the plaintiff
was struck in just the turning of a head, meaning the
time required for the witness to turn his head. For all
the practical purposes of life, this is as near to instan-
taneous action as it is possible to get. The only reason-
able inference which could have been drawn from the
testimony was that the plaintiff did not heed the near
approach of the car, and stepped upon the track directly
in front of it, when it was so near that he had no time
to save himself from collision by stepping either for-
ward or backward. As the trial judge well said, it was
impossible for the plaintiff, had he looked, not to see the
car, and that "if he had used his senses, and acted upon
the information which they certainly would have given
him, he would not have gone directly in front of a mov-
ing car to be struck by it."

The facts of the present case bring it squarely in line
with the decisions, of which Crooks v. Pittsburgh Rail-
ways Co., 216 Pa. 590, is an illustration. In that case it
was said, "The space between the rails was about five
feet. Two, or at most three, steps, would have cleared
it entirely; and as Mr. Crooks was struck while he was
between the rails, it is apparent that he could have taken
but one or two steps from the time he entered upon the
line of the track, until he came in contact with the car.
In other words, his stepping within the line of the rail,
and the coming of the car to that particular spot must
have been practically instantaneous. Where a foot
passenger walks or steps directly in front of an ap-
proaching car, and is struck at the instant he sets his
foot between the rails there is but one inference which
can reasonably be drawn from that fact, and that is the
inference of contributory negligence." Cases of col-

lisions in right angle crossings, between railway cars and wagons are not analogous. A pedestrian, having but his own safety to guard, requires but a small space in which to stand, and can turn or stop very quickly in protecting himself, or in avoiding an approaching car running upon a fixed track. Therefore, when a pedestrian, after stepping in front of a car, comes in practically instantaneous contact with it, it matters not what the testimony as to his previous actions may have been. The mischief is done at that time, and the collision occurs practically on the instant.

Under the evidence in this case we do not see that the trial judge could have reached any other conclusion than that the deplorable injury which the plaintiff suffered was the result of his own heedlessness. The assignments of error are overruled, and the judgment is affirmed.