## Patton v. George et al., Receivers, Appellants.

*Negligence—Street railways — Pedestrian — Crossing tracks— Look and listen—Contributory negligence.*

1. A pedestrian must look for approaching cars immediately before entering upon or at the edge of street car tracks.

2. This duty is not performed by looking when first on the street, but continues until the track is reached.

3. A look by a pedestrian, while at the curb nearly thirteen feet from the first rail, is not a compliance with the rule.

4. If a moving car is plainly visible, one who walks in front of it, and is immediately struck, is guilty of negligence, regardless of evidence as to his having looked and listened.

5. One who steps upon a second track of a street railway after crossing the first, and is immediately struck by a moving car plainly visible before he stepped thereon, is, in general, guilty of contributory negligence.

6. The rule that the direction in which a pedestrian shall look while crossing a street depends upon the circumstances and is one of fact, is not applicable to his duty before stepping into the street or before stepping on the street car tracks therein.

7. The fact that a street car stopped promptly, in less than ten feet after the accident, negatives the allegation of reckless speed.

Argued October 1, 1925. Appeal, No. 105, March T., 1925, by defendants, from judgment of C. P. Allegheny Co., July T., 1922, No. 2960, on verdict for plaintiff, in case of Elizabeth Patton v. W. D. George et al., Receivers of the Pittsburgh Railways Co. Before MOSCH-

ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART,
SADLER and SCHAFFER, JJ.  Reversed.

Trespass for personal injuries.  Before COHEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,000.  Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting bill of exception.

*William A. Challener,* with him *Craig Smith,* for appellants.

*W. Heber Dithrich,* with him *Robertson & Jordan,* for appellees.

OPINION BY MR. JUSTICE WALLING, November 23, 1925:

The Brownsville Road extends through the borough of Carrick, Allegheny County, in an easterly and westerly direction; in the center thereof is defendant's double track electric street railway, the one to the north being inbound and the other outbound.  Elizabeth Patton, the plaintiff, resided in this borough on Beck's Run Road, which extends northerly from the Brownsville Road. Late on the evening of July 15, 1921, plaintiff alighted from an outbound car and stepped to the curb on the south side of the Brownsville Road to await the passage of two outbound automobiles.  Her testimony is that she then looked in both directions and, finding the street clear, started to walk across it in a northerly direction, so as to enter the Beck's Run Road, and knew nothing of what happened thereafter until she regained consciousness in a doctor's office.  As a matter of fact, on leaving the curb she crossed the south cartway of the width of twelve feet and eight inches, the outbound track of the width of five feet and two inches, the space of four feet and four inches between the tracks and had reached at

least the center of the second track, when she was struck
and injured by an inbound trolley car thereon.   Thus, in
her attempt to cross the road, she had walked approxi-
mately twenty-five feet therein before the accident.   The
night was clear, the headlight on the trolley car was
burning and there was no other object or vehicle present
to distract plaintiff's attention.   A car approaching on
the inbound track could be seen for a distance of two
hundred and eighty feet and was in plain sight on a
straight track for one hundred and seventy feet before
reaching the place of accident.   The car was seen on this
occasion for more than the latter distance by plaintiff's
witness, Mrs. Estell, who testified it was coming "terrible
fast."   The gong was not sounded nearer than one hun-
dred and seventy feet of the place of accident, and the
motorman failed to see plaintiff until he was within
about twenty feet thereof.   The jury found for the plain-
tiff and from judgment entered thereon defendant ap-
pealed.

We deem it unnecessary to pass upon the question of
defendant's fault, for in our opinion plaintiff failed to
present a case clear of contributory negligence.   It is an
inflexible rule that a traveler must look for approach-
ing cars immediately before entering upon a street car
track (Barton v. Lehigh Valley Transit Co., 283 Pa. 577,
580, and authorities there cited), or, as some of the cases
say, at the edge of the track (Ehrisman v. Harrisburg
Ry. Co., 150 Pa. 180; Ervay v. Waverly S. & A. Tract.
Co., 240 Pa. 440); failure to do so is negligence per se.
This duty is not performed by looking when first enter-
ing  on  the  street,  but  continues  until  the  track  is
reached: Burke v. Union Traction Co., 198 Pa. 497.   A
look, by a pedestrian, while at the curb, nearly thirteen
feet from the first rail, is not a compliance with the rule,
and plaintiff makes no claim that she looked again; in
fact, her testimony, that she had no knowledge of what
took place after leaving the curb, negatives such a sug-
gestion.   We have uniformly held that a pedestrian must

keep a lookout while crossing a street and that is doubly so where there are car tracks therein; hence, as plaintiff walked twenty-five feet across this road, oblivious to her surroundings, she could not have complied with the rule.

Again, one who walks in front of a moving engine or car, which is plainly visible, and is immediately struck is guilty of contributory negligence, regardless of evidence as to his having stopped, looked or listened: Carroll v. Pennsylvania R. R. Co. (Pa.), 12 W. N. C. 348; Flynn v. Rys. Co., 234 Pa. 335. "Where a foot passenger walks or steps directly in front of an approaching car, and is struck at the instant he sets his foot between the rails, there is but one inference which can reasonably be drawn from that fact, and that is the inference of contributory negligence": Crooks v. Pittsburgh Rys. Co., 216 Pa. 590, 592; Cunningham v. Phila. R. T. Co., 240 Pa. 194, 197. That is this case, for, although the approaching car was plainly visible, as above stated, plaintiff stepped in its path and was immediately struck. The testimony of Mrs. Estell, that the car covered the one hundred and seventy feet before plaintiff could step off the track, must be disregarded as a physical impossibility (Crooks v. Pittsburgh Rys. Co., supra), especially in view of the fact that it stopped in less than ten feet after the accident. The prompt stop negatives the claim of reckless speed: Wolf v. Phila. Rapid Transit Co., 252 Pa. 448; Noss et ux. v. Phila. Traction Co., 180 Pa. 389.

It being the duty of a pedestrian to keep a lookout while crossing the tracks, one who steps upon a second track, after crossing the first, and is immediately struck by an engine or car plainly visible before he stepped thereon, will, in general, be held guilty of contributory negligence.   In Nolder v. Pennsylvania R. R. Co., 278 Pa. 495, the principle is stated that, "A pedestrian is guilty of contributory negligence if he approaches a double-track railroad, stops, looks and listens, and then, without further stopping, walks over the first track and the space between the two tracks, and as he steps into

the middle of the second track is struck by a passing train, which he could have seen by the merest glance if he had looked before committing himself to the second track." And see Manely v. Penna. R. R. Co., 279 Pa. 463; Walker v. Phila. Rapid Transit Co., 274 Pa. 121; Sakall v. Baltimore & Ohio R. R. Co., 272 Pa. 89; Weber v. Phila. R. T. Co., 256 Pa. 595; McVaugh v. Phila. Rapid Transit Co., 221 Pa. 518; Nugent v. Phila. Traction Co., 181 Pa. 160. Had plaintiff looked before stepping upon the second track she would have seen the near approach of the car and escaped injury. The rule that the direction in which a pedestrian shall look while crossing a street depends upon the circumstances and is one of fact, is not applicable to his duty before stepping into the street or before stepping upon street-car tracks therein.

Plaintiff's contributory negligence appearing beyond peradventure, it was the duty of the court to so declare.

The judgment is reversed and is here entered for the defendant n. o. v.