## Sinnig et al., Appellants, *v.* Pittsburgh Railways Company.

Argued October 8, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Charles G. Notari,* with him *Robert H. Braun, Jr.,* of *Marshall, Braun & Notari,* for appellants.

*E. W. Langfitt* and *J. R. McNary,* for appellee, were not heard.

PER CURIAM, November 26, 1934:

These two appeals, one by the husband, the other by his wife, are from a judgment entered for defendant upon the whole record, after disagreement of the jury in an action of trespass to recover damages for personal injuries received by the wife, who claims she was struck by a car of defendant company at the corner of Liberty Avenue and Wood Street in the City of Pittsburgh. The sole question for our consideration is whether or not the evidence justified the court below in entering judgment for defendant on the ground that the wife-plaintiff was contributorily negligent.

Liberty Avenue and Wood Street are both main thoroughfares in the business district of Pittsburgh. The former runs in a general east and west direction and is joined on its southerly side by the latter at an angle. Both streets have a double line of car tracks, and street cars which are inbound, or proceeding westerly, on Liberty Avenue, swing on a wide arc into Wood street, and in so doing alter their direction by 44 degrees. As traffic on Wood Street moves one way, only the westerly or

inbound track is used by street cars. Just before the accident plaintiff had been walking along the southerly side of Liberty Avenue in a westerly direction, and she received her injuries while attempting to cross Wood Street at the point where the two streets meet.

The accident occurred about noon on November 15, 1930, a bright clear day. The car of defendant was making the turn into Wood Street from Liberty Avenue, just as plaintiff started across the street, the traffic signal being green for both. Plaintiff testified she was "looking both ways," "walking a little fast to get over," and did not see the approaching car until she had reached the third rail (the first of the inbound track on Wood Street) when "some one shouted," and then the "car was right on me, and knocked me down." A witness (Hunter), said he was standing on the sidewalk and first saw plaintiff on the track about two feet in front of the oncoming car, and that "the left hand corner of the front hit her," and she fell on the dummy between the two tracks.

Seven eye-witnesses of the accident called by defendant all testified that plaintiff stepped from the sidewalk and walked against the front end or side of the car, that she was not looking in the direction from which the car came, and at no time was on the track in front of it. We find no reason to doubt or question the truthfulness of their testimony. One, a passenger on the car, said plaintiff bumped into the side of it "right at the window at which I was sitting"; others were waiting to take a car for their homes, and not one had any interest in the result of the case.

Careful consideration of the testimony compels us to the conclusion that plaintiff failed to look for approaching cars before crossing the street. Had plaintiff glanced toward Liberty Avenue before leaving the sidewalk, or even after reaching the first car track, she would not only have seen the car approaching on the curve but would have had a view of it on Liberty Ave-

nue before it reached the curve. Plaintiff's testimony that she looked to the right and left before crossing can avail her nothing for "it is vain for a person to say he looked and listened when, in spite of what his eyes and ears must have told him, he walked or drove in front of an approaching train or car by which he was immediately struck": Barton v. Lehigh Valley Transit Co., 283 Pa. 577, 581, and cases there cited. See also Patton v. George, 284 Pa. 342, and Uhlig v. Philadelphia Rapid Transit Company, 287 Pa. 586, in which the facts were similar to the case now before us.

We are convinced that plaintiff disregarded the inflexible rule that pedestrians must look for approaching cars immediately before entering a street railway track, and for that reason she was contributorily negligent and is barred from recovering from defendant. The court below was clearly right in sustaining defendant's request for judgment in its favor on the whole record.

Judgment affirmed.