Weldon, Admrx., Appellant, *v.* Pittsburgh
Railways Company et al.

Argued March 22, 1945. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON and JONES, JJ.

*Harry Alan Sherman,* for appellant.

*Leo A. Nunnink,* with him *J. R. McNary,* for appellees.

OPINION BY MR. JUSTICE DREW, April 9, 1945:

Plaintiff, Lucretia Caldwell Weldon, Administratrix
of the Estate of her husband, Joseph L. Weldon, brought
these actions in trespass, one under the Survival Act of

1937 and the other under the Wrongful Death Act of 1911, to recover damages for his death, alleged to have been caused by the negligence of defendant, Pittsburgh Railways Company. The cases were tried together; separate verdicts were returned for plaintiff; the learned court below on motion entered judgments n. o. v. for defendant, and plaintiff appealed.

Mr. Weldon, then seventy-two years of age and retired, was struck and fatally injured by a street car of defendant on September 17, 1942, at about 8:15 P. M. It was a rainy and misty evening. He was crossing Brownsville Road, in Pittsburgh, at about the middle of the block between Charles Street and Arlington Avenue. This road is a main thoroughfare, thirty-five feet in width between curbs, and has on it two street car tracks. He had reached the second rail of the far track, or the last rail in the direction in which he was proceeding, when struck.

Plaintiff called John Saftig, who was her only witness to the accident. His testimony was very hurtful to plaintiff because it established negligence on the part of decedent. Saftig testified that he was standing at the curb in front of his residence, 129 Brownsville Road; that he saw Mr. Weldon directly opposite him on the other side of the street; that he saw him start to cross; that traffic was then moving, "a street car coming up and one had passed going down"; that when Weldon reached the first rail of the track upon which the car was running "the street car was 20 feet away, probably a little more"; that Weldon did not look in any direction, his whole attention being on getting across the street. Saftig further testified: "I was watching him coming across. I was just figuring if he was going to get across". This testimony was not challenged in any way and it was all the testimony plaintiff offered showing facts of the accident. It alone barred any hope of recovery since it showed that Weldon stepped upon the street, and continued to walk across without looking in any direction

for traffic. That he would have seen the street car if he had looked is obvious—he could not have helped seeing what Saftig saw and described. "It is an inflexible rule that a traveler must look for approaching cars immediately before entering upon a street car track . . .; failure to do so is negligence per se. This duty is not performed by looking when first entering the street, but continues until the track is reached". *Patton v. George,* 284 Pa. 342, 344, 131 A. 245.

In *Ferencz v. Pittsburgh Railways Co.,* 341 Pa. 369, 372, 19 A. 2d 385, it was said: "Whether he then looked at the car we do not know, but the point is immaterial. As we said in an analogous case: 'If the plaintiff had looked at the point of danger, as it was his duty to do, he would have seen what his witness saw, that the car was so near that in attempting to cross he was placing himself in a position of imminent danger.' *Boring v. Union Traction Co.,* [211 Pa. 594, 61 A. 77] at page 595. . . . And in *Danks v. Pittsburgh Rys. Co.,* [328 Pa. 356, 195 A. 16] we said . . . (p. 358): '. . . if *he did* see the street car as he left the curb, he was negligent because he then walked knowingly into its path. . . . On the other hand, if we believe his statement that he *did not see* the trolley car until it struck him, he is none the less at fault, for in that event it is clear that he failed to perform his duty to look for it' ".

We are fully aware of the doctrine that a person who has lost his life is presumed to have exercised due care. (*Basel v. Pittsburgh,* 350 Pa. 545, 547, 39 A. 2d 582.) However, this Court said in *Stark v. Fullerton T. Co.,* 318 Pa. 541, 544, 179 A. 84: "It may be conceded that ordinarily decedent's death would raise a presumption that he had taken all necessary precautions for his own safety, but this presumption has no existence as against the certainty that if he had done so here he would not then have died." Here plaintiff's own witness testified that he saw the car approaching and wondered whether

decedent "was going to get across." Since the witness could and did see the street car, it is to be presumed that Weldon either did not look or looking, decided to gamble on the possibility that he could cross in time. In either case he was chargeable with negligence. This presumption does not avail plaintiff in the face of the testimony of her own witness clearly establishing the negligence of decedent.

The presumption of due care having been overcome, plaintiff's case was barren of anything upon which a verdict and judgment in her favor could stand. The learned court below was bound to find plaintiff's decedent guilty of negligence as a matter of law, and enter judgments in favor of defendant.

Judgments affirmed; costs to be paid by appellant.