Watson, Appellant, *v.* Philadelphia Transportation Company.

Argued January 7, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John J. Speese,* with him *John Harper* and *John B. Burns,* for appellant.

*Harold Scott Baile,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY MR. JUSTICE LINN, March 24, 1947:

Plaintiff appeals from judgment entered for the defendant notwithstanding the verdict for the plaintiff.

About 11:15 P. M. on a February night, the plaintiff alighted from a south-bound street car at the northwest corner of Sixth Street and Erie Avenue in Philadelphia. After crossing the north sidewalk of Erie Avenue to the curb line, he continued toward the other side of the avenue for the purpose of boarding an east-bound car on Erie Avenue. He testified that he "got about five foot in the street [Erie Avenue] when I looked again, and the car [from which he had alighted] was still standing there, [at the place where he alighted] and I proceeded across the street, when all at once, I heard something in back of me." What he heard was the car from which he had alighted which was moving from Sixth Street around the corner into Erie Avenue to go west on Erie Avenue. The left front of that car struck plaintiff as he was passing over the left or southern rail of the west-bound track and knocked him down; the car stopped immediately with the plaintiff under the front of it.

Sixth Street is 26 feet wide between curbs. The cartway between the curb line and track is 10 feet 5 inches wide and the west sidewalk of Sixth Street is 12 feet wide. The north sidewalk of Erie Avenue is 28 feet wide and the distance between curbs is 64 feet. There are two sets of tracks in Erie Avenue, each 5 feet $2\frac{1}{4}$ inches wide, with a "dummy," 5 feet wide, between them. The distance from the north curb of Erie Avenue to the nearest rail is 18 feet. The night was clear; a street light over the intersection was lit; the streets were slushy from recent snow.

The question is whether plaintiff was guilty of contributory negligence as matter of law. He was a night watchman on his way to work and had traveled the same route almost nightly for a number of years; he was familiar with the various movements of street cars over and about this intersection. He knew from his experience that the car in which he had been a passenger might turn westward into Erie Avenue.

Plaintiff's contributory negligence clearly appears and requires that the judgment entered below be affirmed. As the verdict was in his favor we take the evidence most favorably supporting it and reject the rest. His testimony contains the following: "By the Court: Q. Where was the car standing? A. At the corner of 6th and Erie Avenue. Q. All right. A. I looked at the light. The light was green. I looked—I started off in the street, and got about five feet in the street when I looked again, and the car was still standing there, and I proceeded across the street. I got about halfway across the street, when all at once I heard something in back of me. I quick turned around, and I saw it was a trolley car, and quick threw up my hands and said, 'Stop that car. Stop that car.' The car began to hit my leg. Finally it knocked me down. . . ."

In cross-examination he was asked: "Q. I understood you to say to your counsel that when you started to cross the street, you got about five feet out in the street, and then you turned and looked at the trolley car to see if it had started, and it was coming around there? A. Yes, sir. Q. So you knew, then, it was coming around the corner? A. No. Q. Isn't that the reason you looked? A. No; I looked because the 75 and the 53 go the same way, and I always looked because the 53 cars go around the same bend. Q. At any rate, you knew that some trolley cars go around that bend? A. Yes, sir."

A little later he testified: "Q. After having taken a look to see if this trolley car was coming, and whether it was safe for you to proceed at a time when you were five feet out in the street, as I understand, from what you told Mr. Speese and the ladies and gentlemen of the jury, you continued then across the street, and the next time you heard or saw a trolley car was when you heard a noise, and you turned around, and you threw up your arms, and you were hit (illustrating by snapping fingers)? A. That's right."

From a place of safety 5 feet south of the curb, plaintiff traveled a considerable distance into Erie Ave-

nue while the car was rounding the curve. There was no traffic or anything else to interfere with his view of the street car from which he had alighted, if he had desired to keep in view its possible movement. The car track was a warning to him to see that it was not in use for the purposes for which it was allowed to be in the street; he knew that street cars moved over that track from Sixth Street into Erie Avenue. The law required him, as he approached the track and before crossing it, or coming within the range of the car's overhang, to look to see whether in the circumstances it was reasonably safe for him to cross; that duty plaintiff did not perform. If he had looked he would have seen the approaching car and would have avoided it. The rule applied in a long line of cases for over 50 years requires that a traveler look for approaching street cars immediately before entering upon such a track: *Ehrisman v. East Harrisburg Ry. Co.,* 150 Pa. 180, 186, 24 A. 596, and cases following it, some of which are cited in *Ferencz v. Pittsburgh Ry. Co.,* 341 Pa. 369, 19 A. 2d 385; *Weldon v. Pittsburgh Ry. Co.,* 352 Pa. 103, 41 A. 2d 856; *Sinnig v. Pittsburgh Ry. Co.,* 316 Pa. 328, 330, 175 A. 405. Apparently recognizing that the application of the rule would support the judgment for the defendant, counsel for plaintiff, to avoid the effect of the rule, points out differences of facts in those cases from the facts in this case. Differences of fact of course exist but the cases illustrate the application of the principle in the varying circumstances disclosed in the cases; decision does not depend on apparent identity of fact but on whether the application of the rule determines liability or nonliability. As we understand the plaintiff's position, it is contended that the rule should not apply where a street car turns at an intersection and strikes a pedestrian who crosses the street at the time without observing the rule. We are not persuaded that such an exception should be made.

Judgment affirmed.