## Cinquina, Admrx., v. Philadelphia Transportation Company, Appellant.

Argued April 15, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Samuel S. Herman,* with him *Bernard J. O'Connell,* for appellant.

*Robert M. Bernstein,* with him *Isadore H. Bellis* and *Maurice H. Brown,* for appellee.

OPINION BY MR. JUSTICE DREW, June 24, 1949:

Louis Cinquina, age 65 years, was struck and fatally injured by a street car of defendant, Philadelphia Transportation Company, as he was walking across the right-angle intersection of Eleventh and Market Streets, in the City of Philadelphia. As administratrix of his estate, his widow, Rose Cinquina, brought this suit in trespass under the Wrongful Death Statute of April 26,

1855, P. L. 309, as amended, and the Survival Act of July 2, 1937, P. L. 2755. At the trial, counsel for plaintiff informed the court that the cause of action under the latter statute was abandoned. The jury returned a verdict of $20,000 in plaintiff's favor. Judgment having been entered on the verdict after the refusal of motions for judgment n. o. v. and a new trial, defendant appealed.

The accident occurred at about five-forty on the clear afternoon of April 22, 1947, at the intersection of Eleventh and Market Streets. The latter street, which is 62 feet wide from curb to curb, with sidewalks 19 feet in width, is a very busy east and west thoroughfare. It is traversed by double street car tracks. The north rail of the westbound track is 23 feet 5 inches from the north curb, and the track is 5 feet 2 inches from rail to rail. Eleventh Street, which intersects Market Street at right angles, is a one-way street, traffic moving northward. It is 26 feet between curbs, with sidewalks 12 feet wide, and has a single car track located in the center of it.

Traffic at this intersection is controlled by two sets of lights located on Market Street—one situated on a pedestal 3 feet north of the north rail of the westbound track, about 13½ feet east of the east curbline of Eleventh Street; and the other located on a pedestal 3 feet south of the south rail of the eastbound track, approximately 13½ feet west of the west curbline of Eleventh Street. The sequence of these traffic lights is green, amber, red, amber and green. The red and green lights are timed for 17 seconds and the amber for 3 seconds.

While the testimony is conflicting, when viewed in the light most favorable to plaintiff, the jury reasonably could have found the following facts: Shortly before the accident, Cinquina, with the green light in his favor, started to walk across Market Street, from the northwest corner of the intersection to the southwest corner

thereof, using the regular pedestrian crosswalk. As he started to make the crossing, walking steadily, a westbound street car was stopped, discharging passengers, at a safety zone located approximately 10 feet east of the traffic light on the north side of Market Street east of Eleventh Street. Cinquina proceeded on the foot crossing, and, when he reached a point on the cartway of Market Street about 8 or 10 feet north of the north rail of the westbound track, the trolley started 2 seconds after the traffic signal had turned red against it, picked up momentum and proceeded across Eleventh Street. The front end of the trolley struck him as he was a foot or two inside the north rail of the westbound track. He was knocked down, seriously injured, and as a result died three days later. There was no vehicular traffic in the north cartway of Market Street, nor was there any traffic between the trolley and Cinquina, who was in plain view of the operator of the car from shortly before he left the sidewalk until he was struck. From the moment the car started across Eleventh Street until the accident, the traffic light continued red against the street car.

Defendant did not, and obviously could not, argue that the evidence adduced was not ample to convict it of negligence. The testimony established that the motorman was negligent in operating the street car through a traffic signal and striking Cinquina, who was walking across the intersection on the crosswalk, with the traffic light in his favor. It is the contention of defendant, however, that the learned court below erred in not entering judgment in its favor, notwithstanding the verdict, because of the contributory negligence of Cinquina. It argues that inasmuch as the sole eyewitness called by plaintiff stated that he did not see Cinquina look eastwardly at any time as he proceeded from a point 8 or 10 feet north of the north rail of the westbound track

"until the car was quite close to him", and because Cinquina was struck almost at the moment he stepped upon the westbound track, he was contributorily negligent as a matter of law. With this argument we cannot agree.

In considering this argument of defendant, it must be borne in mind that it is only in a case where contributory negligence is so clearly revealed that fair and reasonable men could not disagree as to its existence, that a court can so declare as a matter of law: *Keiser v. P.T.C.*, 356 Pa. 366, 372, 51 A. 2d 715. Furthermore, a person killed in an accident is presumed to have been free from negligence: *Delmer v. Pittsburgh Rys. Co.*, 348 Pa. 147, 151, 34 A. 2d 502. In this connection, this Court said, in *Scholl v. Phila. Sub. Transp. Co.*, 356 Pa. 217, 224, 51 A. 2d 732: "To take away summarily, on the ground of contributory negligence, a plaintiff's right to go to the jury on that question, upon the presumption of his decedent's care, requires evidence so clear, direct and positive as to preclude any difference in the minds of fair and reasonable men with regard to the decedent's negligence."

Under the facts here presented, the rule that a pedestrian is guilty of negligence as a matter of law unless he looks for an approaching street car immediately before entering upon a trolley track is not applicable. In situations such as that in the instant case "whether the pedestrian should have looked again or was warranted in assuming that he could cross in safety depends upon shifting conditions, and presents, therefore, a question of fact rather than of law": *Harrington v. Pugarelli*, 344 Pa. 204, 207-8, 25 A. 2d 149. Here, the jury had a right to find that Cinquina looked as he left the sidewalk and saw the street car at a standstill with the traffic signal against it and in his favor, and, as he proceeded across Market Street, that he approached the

westbound track and entered upon it on the assumption that defendant's motorman would not start the trolley into the intersection through the red light and run him down. When Cinquina realized that the street car was disregarding the red light and was running through the intersection he was then in a position of peril on the cartway through no fault of his own, and, therefore, he was not legally responsible if his judgment was not the best.

In *Newman v. Protective M. S. Co.*, 298 Pa. 509, 148 A. 711, we held that plaintiffs cannot be legally convicted of being contributorily negligent because, after they embarked on the crossing, they did not look in the direction from which the truck was approaching. There it was said, (p. 513) : ". . . the traffic light was in favor of the pedestrians while they were crossing Pine Street, and against the truck driver during all the time that he proceeded in their direction, from the moment he reached the house line on the east side of Broad Street more than 100 feet away from them. The language used in Gilles v. Leas, 282 Pa. 318, at page 322, is most appropriate here, 'He [the pedestrian] had an undoubted right to leave his place on the sidewalk when nothing appeared before him, and the traffic signal was not turned against him. His position became perilous only through the unlawful act of defendant.' In that case, the signal was changed while the plaintiff was crossing the street; in this, it remained in the plaintiffs' favor while they were making the crossing."

In *Villiger v. Yellow Cab Co. of PBG.*, 309 Pa. 213, 163 A. 537, plaintiff started to cross a street as the signal light flashed green, and when she reached the middle of the street, she observed the driver of a taxicab had crossed the intersection without stopping, though the light was against him, and was approaching in her direction. In holding that plaintiff was not guilty of contributory negligence as a matter of law in continuing

to cross the street, this Court said, (p. 215) : "She may have reasoned (if under these exciting circumstances with a motor vehicle dashing toward her across a street against a red signal, she reasoned at all) that it would be best to continue . . . If she did so conclude, it could not be said the fault in the collision was hers. We have laid down rules to protect pedestrians at street crossings. We intend to maintain these rules with all possible strictness." See also *Zurcher v. Pittsburgh Rwys. Co.*, 353 Pa. 212, 216, 44 A. 2d 581; *Vivino v. Nevius*, 98 Pa. Superior Ct. 574, 578-9.

We are convinced from a study of the record in this case that there is nothing in the evidence from which a court could conclusively find as a matter of law that Cinquina exercised his right of way across Market Street in a careless manner. Therefore, the question of his negligence was for the determination of the jury.

Defendant complains that the verdict of $20,000 is excessive. In considering this contention, it must be remembered that we are dealing only with the pecuniary loss sustained by the widow under the Wrongful Death Statute, inasmuch as plaintiff waived any claim for damages under the Survival Act. Taking into consideration Cinquina's age at the time of his death, the fact that he was receiving the highest wages he had ever received, the amount he was contributing to his wife and family and the funeral bill, we are convinced that an award in excess of $12,000 cannot be sustained.

The judgment of the court below is reduced to $12,000, and, as modified, is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE PATTERSON:

It has long been the settled law of this Commonwealth that a pedestrian has an *absolute* duty to look for approaching trolley cars immediately before entering

upon the car tracks and that failure to do so constitutes contributory negligence as a matter of law: *Watson v. P. T. C.*, 356 Pa. 103, 106, 51 A. 2d 613.[1] The fact that a pedestrian is proceeding under a favorable traffic signal does not relieve him of this duty. A green light at a traffic intersection offers but a qualified permission to proceed, and the pedestrian crossing in reliance upon it must continually be on guard for his safety: *Schroeder v. Pittsburgh Rwys. Co.*, 311 Pa. 398, 404, 165 A. 733; *Dando v. Brobst*, 318 Pa. 325, 328, 177 A. 831; *Watson v. P. T. C.*, supra.

There was no vehicular traffic in the north cartway of Market Street and there were no other pedestrians on the crossing to obstruct decedent's view. Either decedent proceeded onto the tracks without looking for approaching traffic after entering the cartway, or having looked, he saw the oncoming trolley and nevertheless proceeded in disregard of the obvious and imminent danger. Appellee's own evidence establishes that when appellant's trolley started westward on Market Street, across Eleventh Street, decedent was 8 to 10 feet away from the northern rail; that decedent did not look eastward "until the car was quite close to him"; and that he stepped onto the track when the trolley was only a few feet away, and was immediately struck. In view of this evidence no presumption of due care by the decedent can arise. "Since the witness could and did see the street car, it is to be presumed that [decedent] either did not look or looking, decided to gamble on the possibility that he could cross in time. In either case he was

---

[1] See *Carroll v. Pennsylvania R. R. Co.*, 12 W. N. C. 348; *Flynn v. Railways Co.*, 234 Pa. 335, 83 A. 207; *Cunningham v. Phila. R. T. Co.*, 240 Pa. 194, 197, 87 A. 291; *Patton v. George*, 284 Pa. 342, 344, 131 A. 245; *Sinnig v. Pittsburgh Rwys. Co.*, 316 Pa. 328, 330, 175 A. 405; *Danks v. Pittsburgh Rwys. Co.*, 328 Pa. 356, 358, 195 A. 16; *Ferencz v. Pittsburgh Railways Co.*, 341 Pa. 369, 371, 19 A. 2d 385; *Weldon v. Pittsburgh Rwys. Co.*, 352 Pa. 103, 105, 41 A. 2d 856.

chargeable with negligence. [The] presumption does not avail plaintiff in the face of the testimony of her own witness clearly establishing the negligence of decedent": *Weldon v. Pittsburgh Rwys. Co.,* 352 Pa. 103, 106, 41 A. 2d 856.

The cases cited by the majority involved injuries to pedestrians by motor vehicles and are not here controlling. "The rule that the direction in which a pedestrian shall look while crossing a street depends upon the circumstances and is one of fact, is not applicable to his duty before stepping into the street or before stepping upon street-car tracks therein": *Patton v. George,* 284 Pa. 342, 346, 131 A. 245. As said in *Crooks v. Pittsburg Rys. Co.,* 216 Pa. 590, 592, 66 A. 142, "Where a foot passenger walks or steps directly in front of an approaching [trolley] car, and is struck at the instant he sets his foot between the rails there is but one inference which can reasonably be drawn from that fact, and that is the inference of contributory negligence."

I would reverse the judgment and here enter judgment for appellant.

Mr. Justice HORACE STERN joins in this opinion.